

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS

ATTORNEY GENERAL

Honorable Chas. A. Tosch
County Auditor of Dallas County
Records Building
Dallas, 2, Texas

Dear Sir:

        Opinion No. O-5949
        Re:  Whether the Road Bond As-
              sumption Act of 1943, au-
              thorizes the Board of Coun0
              ty and District Road In-
              debtedness to demand that
              counties refund eligible
              obligations which mature
              beyond the current year?

        We acknowledge receipt of your letter of the 23rd inst. from which letter we quote the following:

> "In this connection, I shall appreciate it, if you will advise whether the Road Bond Assumption Act of 1943 authorizes the Board of County and District Road Indebtedness to demand that counties refund eligible obligations which mature beyond the current year?

> "Subsection (i) of Article 6674Q-7, Vernon's Statutes, provides that if a county or road district fails or refuses to refund 'any eligible debt, as requested by the State Board, then said obligations so required to be refunded, and all other obligations of said county or road district, shall cease to be eligible for participation in the county and road district highway fund until the requirements of the State Board with respect to refunding shall be complied with.

> "But it is also provided by Subsection (g) of said Article:

> "'In this connection it is declared to be the intent of the Legislature that all contractual

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

duties and obligations which may exist between
any county and/or defined road district and the
owner or holder of the present outstanding in-
debtedness of any county and/or defin ed road
district, shall not be in any manner disturbed
or impaired and shall remain inviolate.'

"We do not question the power and authority
of the State Board to require the refunding of
eligible obligations maturing, say in 1944; but
we do question the authority of the State Board
to demand that the county attempt to redeem by
refunding bonds maturing in future years.

"As you know, the redemption statute (Arti-
cle 720) provides that such bonds may be redeem-
able 'at the pleasure of the county' and that
such redemption 'may be fixed by the Commission-
ers' Court.'"

We think it is clear that the Board of County and
District Road Indebtedness has the authority to require coun-
ties to refund eligible obligations maturing in future years
if such obligations are optional and have been called for pay-
ment. Dallas County vs Lockhart, 128 T. 50, 96 S. W. (2nd)
60. Of course, the Board would not have authority to demand
that bonds be refunded which are not optional and have not
been called, but if the proceedings authorizing the bonds con-
tain an option of redemption, or if they are redeemable under
the provisions of Article 720, R. S. 1925, the Board of Coun-
ty and Road District Indebtedness may require the counties to
refund them, and if the counties refuse to do so, the obliga-
tions so required to be refunded and all other obligations of
such counties shall cease to be eligible for participation in
the County and Road District Highway Fund until the require-
ments of the State Board with respect to refunding shall be
complied with.

The Supreme Court in both the Cochran County case
and the Bexar County case has construed Article 720 in such
a manner as to make clear that bonds may be optional under
the law regardless of the fact that the Commissioners' Court
ignored the statute and attempted to issue them to mature
serially and without option of prior redemption. The Attor-
ney General's Department has held otherwise for the last

Honorable Chas. A. Tosch, page 3


twenty-five years, but since the Supreme Court has spoken in such unmistakable language, we shall accept its opinion and follow it.

You are therefore advised that in our opinion the State Board of County and District Road Indebtedness has the authority to require counties to refund any bonds which are optional either by reason of having reserved such option in the proceedings authorizing their issuance, or by reason of the provisions of Article 720, as such Article has been construed by the Supreme Court.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By                    /signed/
                      C. F. Gibson
                      Assistant

CFG:ncd


APPROVED MAR. 31, 1944
/s/ Geo. P. Blackburn
ACTING ATTORNEY GENERAL
    OF TEXAS


APPROVED
Opinion Committee
By /s/ B. W. B.
      Chairman